LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

*Attorneys for Plaintiffs*
*Crystal Smith and Victor Viramontes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL SMITH, an individual; VICTOR VIRAMONTES, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LONG BEACH; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:15-cv-07807 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983) <br> 2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983) <br> 3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983) <br> 4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983) <br> 5. Municipal and Supervisory Liability (42 U.S.C. § 1983) <br> 6. False Arrest/ False Imprisonment <br> 7. Battery <br> **8.** Negligence <br> 9. Violation of Cal. Civil Code § 52.1 <br><br> **DEMAND FOR JURY TRIAL** |

1  **COMPLAINT FOR DAMAGES**

2      Plaintiffs CRYSTAL SMITH and VICTOR VIRAMONTES, for their

3  Complaint against Defendants City of Long Beach, and DOES 1 - 10, inclusive,

4  alleges as follows:

5  **INTRODUCTION**

6      1.    This civil rights and state tort action seeks compensatory and punitive

7  damages from Defendants for violating various rights under the United States

8  Constitution and state law in connection with the officer-involved shooting of

9  CAREY SMITH-VIRAMONTES on November 21, 2014.

10  **PARTIES**

11      2.    At all relevant times, decedent CAREY SMITH-VIRAMONTES

12  (hereinafter "DECEDENT") was an individual residing in the County of Los

13  Angeles, California.

14      3.    At all times herein mentioned, Plaintiff CRYSTAL SMITH is an

15  individual residing in the County of Los Angeles, California, and is the natural

16  mother of DECEDENT.  Plaintiff CRYSTAL SMITH sues both in her individual

17  capacity as the mother of DECEDENT and in a representative capacity as successor-

18  in-interest to DECEDENT.

19      4.    At all times herein mentioned, Plaintiff VICTOR VIRAMONTES is an

20  individual residing in the County of Los Angeles, California, and is the natural

21  father of DECEDENT.  Plaintiff VICTOR VIRAMONTES sues both in his

22  individual capacity as the father of DECEDENT and in a representative capacity as

23  successor-in-interest to DECEDENT pursuant.

24      5.    At all relevant times, Defendant CITY OF LONG BEACH ("CITY") is

25  and was a municipal corporation existing under the laws of the State of California.

26  CITY is a chartered subdivision of the State of California with the capacity to be

27  sued.  CITY is responsible for the actions, omissions, policies, procedures, practices,

28

and customs of its various agents and agencies, including the City of Long Beach Police Department ("LBPD") and its agents and employees.  At all relevant times, CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the LBPD and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 1-10.

6.      Defendants DOES 1-5 ("DOE OFFICERS") are police officers for the LBPD.  DOE OFFICERS were acting under color of law within the course and scope of their duties as police officers for the LBPD.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

7.      Defendants DOES 6-8 are supervisory officers for the LBPD who were acting under color of law within the course and scope of their duties as police officers for the LBPD.  DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

8.      Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the LBPD, who were acting under color of law within the course of their duties as managerial, supervisorial, and policymaking employees for the LBPD.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

9.      On information and belief, DOES 1-10 were residents of the County of Los Angeles.

10.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 6-10.

11.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

COMPLAINT FOR DAMAGES

12.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

14.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

15.     DOES 1-10 are sued in their individual capacity.

## JURISDICTION AND VENUE

16.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

17.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Plaintiff and Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, Los Angeles County, City of Long Beach, California.

//

//

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 17 of this Complaint with the same force and effect as if fully set forth herein.

19.     On November 21, 2014 at approximate 8:10 a.m., DECEDENT was inside his residence at 2878 Eucalyptus Avenue when a Long Beach police officer approached his residence.  The officer was responding to an "assist the citizen" call involving a runaway female juvenile.  Shortly after DECEDENT declined to let the officer into his home, the officer claimed he heard a female screaming from inside the residence and entered the residence without a warrant, at which time DECEDENT grabbed a kitchen knife.  Without warning, the officer shot DECEDENT approximately six times.

20.     After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

21.     The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, and DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

22.     On April 10, 2015, Plaintiffs filed comprehensive and timely claims for damages with the City of Long Beach pursuant to applicable sections of the California Government Code.

23.     On May 26, 2015, the City of Long Beach rejected said claims.

//

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure—Detention and Arrest

## (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS)

24.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.     Defendants DOE OFFICERS detained and arrested DECEDENT in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26.     The actions of Defendants DOE OFFICERS deprived DECEDENT of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

27.     As a result of the conduct of Defendants DOE OFFICERS, Defendants are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

28.     The conduct of Defendants was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

29.     Accordingly, Defendants DOE OFFICERS are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

30.     Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

31.     Plaintiffs also seek attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

32.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.     Defendants DOE OFFICERS' unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, and loss of life.

35.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants DOE OFFICERS.

36.     The shooting was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting.  Further, Defendants DOE OFFICERS' shooting and use of force violated their training and standard police officer training.

37.     Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

38.     Plaintiffs also seek attorney's fees under this claim.

//

### **THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

39.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     The denial of medical care by Defendants DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, and loss of life.

42.     Defendants DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

43.     The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

44.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

45.    Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

46.    Plaintiffs also seek attorney's fees under this claim.

### FOURTH CLAIM FOR RELIEF

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

(By all Plaintiffs against Defendants DOE OFFICERS)

47.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

48.    Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their son, DECEDENT.

49.    The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

50.    DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

51.    As a direct and proximate cause of the acts of DOE OFFICERS, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

52.     The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

53.     Plaintiffs seek wrongful death damages under this claim in their individual capacities.

## FIFTH CLAIM FOR RELIEF

### Municipal and Supervisory Liability (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants CITY and DOES 6-10)

54.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55.     On information and belief, Defendants DOE OFFICERS' unjustified shooting of DECEDENT was found to be within LBPD policy by DOES 6-10.

56.     On information and belief, Defendants DOE OFFICERS' unjustified shooting of DECEDENT was ratified by LBPD supervisorial officers, DOES 6-10.

57.     On information and belief, Defendants DOE OFFICERS were not disciplined for the unjustified shooting DECEDENT.

58.     On and for some time prior to November 21, 2014 (and continuing to the present date), Defendants CITY and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)     Employing and retaining as police officers and other personnel, including DOE OFFICERS, whom Defendants CITY and DOES 6-10 at all times material herein knew or reasonably should have

known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LBPD policies and constitutional mandates regarding unreasonable seizures;

(b)    Condoning and fostering unreasonable seizures by inadequately supervising, training, controlling, assigning, and disciplining CITY police officers and other personnel, including DOE OFFICERS, whom Defendants CITY and DOES 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force that shocks the conscience;

(c)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOE OFFICERS, who are police officers and/or agents of CITY;

(d)    Failing to discipline CITY police officers' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

(e)    Ratifying the intentional misconduct of DOE OFFICERS and other police officers and/ or agents, who are police officers and/or agents of CITY;

(f)    Having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and

1    practices of Defendants CITY and DOES 6-10 were maintained

2    with a deliberate indifference to individuals' safety and rights;

3    and

4    (g)    Failing to properly investigate claims of unlawful detention and

5    excessive force by CITY police officers.

6    59.    The aforementioned unconstitutional customs, practices, and polices, in

7    addition to the ratification of the deficient customs, practices, and policies, are

8    evidenced by the number of prior cases in which a jury has found force used by a

9    police officer working for the Long Beach Police Department to be excessive and

10   unreasonable. The following cases are only a few examples of continued misconduct

11   by police officers working for the Long Beach Police Department:

12   (a)    In *Zerby v. City of Long Beach*, case no. SACV11-00536-AG

13   (RNBx), the jury returned a unanimous $6,500,000 verdict after finding that

14   police officers working for the Long Beach Police Department used excessive

15   and unreasonable force when they shot and killed an unarmed man.

16   (b)    In *Amesquita v. City of Long Beach*, case no. CV12-3113-PA

17   (FFMx), Defendant City of Long Beach settled for $750,000 with the mother

18   of a man who was shot and killed by a police officer working for the Long

19   Beach Police Department.

20   (c) In *Grays v. City of Long Beach, et al*., case no. CV11-07588-GAF,

21   the jury returned $140,000 verdict for Plaintiff after finding police officers

22   working for the Long Beach Police Department arrested Plaintiff without

23   probable cause and used excessive and unreasonable force when they

24   repeatedly tased Plaintiff and beat him with a flashlight.

25   (d)    Currently pending before this Court are *Del Real v. City of Long

26   Beach*, case number CV 14-02831, and *Woods v. City of Long Beach*, case

27   number CV 14-01569, both cases in which a police officers working for the

28

Long Beach Police Department shot unarmed civilians who posed no immediate threat of death or serious injury to any officer or any other individual.

60.     By reason of the aforementioned policies and practices of Defendants CITY and DOES 6-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life, and Plaintiffs suffered serious injuries and other harm.

61.     Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

62.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

63.     As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs, and practices of Defendant CITY, defendants DOE OFFICERS directly participated in the wrongful conduct alleged in the factual allegations of this Complaint, or were integral participants in the wrongful conduct.

64.     As a direct and proximate result of the aforementioned policies, procedures, customs, and practices of Defendant CITY, DECEDENT suffered intense physical and emotional pain, anguish, distress, and despair before his death, and was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

65.     The actions of each of Defendants DOES 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 6-10.

66.     Plaintiffs seek wrongful death damages under this claim in their individual capacities.  Plaintiffs also seek survival damages under this claim as successors-in-interest to DECEDENT.

67.     Plaintiffs also seek attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

#### (By all Plaintiffs against all Defendants)

68.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

69.     Defendants DOE OFFICERS, while working as police officers for the LBPD and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

70.     DECEDENT did not knowingly or voluntarily consent.

71.     The conduct of DOE OFFICERS was a substantial factor in causing the harm to DECEDENT.

72.     Defendant City is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73.     The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

74.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

75.     Plaintiffs seek wrongful death damages under this claim in their individual capacities.  Plaintiffs also seek survival damages under this claim as successors-in-interest to DECEDENT.

## SEVENTH CLAIM FOR RELIEF

### Battery (wrongful death)

(By all Plaintiffs against Defendants CITY and DOE 1)

76.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

77.     DOE 1, while working as a police officer for the LBPD, and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times.  As a result of the actions of DOE 1, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  DOE 1 had no legal justification for using force against DECEDENT, and his use of force while carrying out his duties as a police officer was an unreasonable and non-privileged use of force.

78.     As a direct and proximate result of the conduct of DOE 1 as alleged above, DECEDENT sustained injuries and died from his injuries.  As a direct and proximate result of the conduct of DOE 1 as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

79.     The CITY is vicariously liable for the wrongful acts of Defendant DOES 1 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80.     The conduct of DOE 1 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, in each case individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendant DOE 1.

81.     Plaintiffs seek wrongful death damages under this claim in their individual capacities.  Plaintiffs also seek survival damages under this claim as successors-in-interest to DECEDENT.

## EIGHTH CLAIM FOR RELIEF

### Negligence (wrongful death)

### (By all Plaintiffs against all Defendants)

82.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

83.     The actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

    (a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    (b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    (c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

    (d)   the failure to provide prompt medical care to DECEDENT;

    (e)   the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

    (f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

    (g)   the negligent handling of evidence and witnesses; and

    (h)   the negligent communication of information during the incident.

84.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

85.     The CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within

the scope of the employment if the employee's act would subject him or her to liability.

86.     Plaintiffs seek wrongful death damages under this claim in their individual capacities.  Plaintiffs also seek survival damages under this claim as successors-in-interest to DECEDENT.

### NINTH CLAIM FOR RELIEF

**(Violation of Cal. Civil Code § 52.1)**

(Against Defendants DOE OFFICERS)

87.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

88.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

89.     On information and belief, Defendants DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

90.     When Defendants shot DECEDENT and failed to promptly provide medical assistance, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

91.     On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil

rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

92.     On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE OFFICERS were intended to discourage DECEDENT from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

93.     Defendants successfully interfered with the above civil rights of DECEDENT.

94.     The conduct of Defendants DOE OFFICERS was a substantial factor in causing DECEDENT'S harms, losses, injuries, and damages.

95.     The CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

96.     Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

97.     The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT'S  rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

98.     Plaintiffs seek attorney's fees under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants the City of Long Beach and Does 1-10, inclusive, as follows:

      A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

      B.    For funeral and burial expenses, and loss of financial support;

      C.    For punitive damages against the individual defendants in an amount to be proven at trial;

      D.    For interest;

      E.    For reasonable attorneys' fees, including litigation expenses;

      F.    For costs of suit; and

      G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: October 5, 2015          LAW OFFICES OF DALE K. GALIPO

By_____ /s/ _____
        Dale K. Galipo
        Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: October 5, 2015                LAW OFFICES OF DALE K. GALIPO

By_____/s/_____
Dale K. Galipo
Attorney for Plaintiffs